1  cc: order, docket and transmittal

2  letter to LASC, Case No. BC539703

JS-6

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  Rosi Godinez,                    )  CV-14-02981-RSWL (SSx)
                                     )
12             Plaintiff,            )
                                     )  **ORDER RE: PLAINTIFF'S**
13       v.                          )  **MOTION TO REMAND** [8]
                                     )
14                                   )
    Alta-Dena Certified Dairy        )
15  LLC, Maria Flores, and Does      )
    1 to 20, inclusive,             )
16                                   )
               Defendants.           )
17  ─────────────────────────────── )

18

19       Currently before the Court is Plaintiff Rosi

20  Godinez's ("Plaintiff") Motion to Remand [8].  The

21  Court, having reviewed all papers submitted pertaining

22  to this Motion, **NOW FINDS AND RULES AS FOLLOWS:**

23       The Court **GRANTS** Plaintiff's Motion.

24                         **I. BACKGROUND**

25  **A.   Factual Background**

26       Plaintiff is a resident of the County of Los

27  Angeles and a citizen of the State of California.

28  Compl. ¶ 2.  Defendant Alta-Dena Certified Dairy, LLC

                                1

1   ("Defendant Alta-Dena") is a limited liability company

2   organized in the State of Delaware and is a citizen of

3   Delaware, Wisconsin, and Texas.  Notice of Removal

4   3:18-4:17.  Defendant Maria Flores ("Defendant Flores")

5   is a citizen of California and is employed by Alta-Dena

6   as a "Human Resources Business Professional."  Compl. ¶

7   4; Notice of Removal 4:20-21.

8       Plaintiff was employed as a "Quality Assurance Lab

9   Tech" at Defendant Alta-Dena's City of Industry

10  facility for approximately 35 years, from around 1978

11  until her termination in 2013.  Compl. ¶ 7.  In the

12  months leading up to her termination, Plaintiff

13  suffered from physical disabilities, including a knee

14  injury that limited her ability to work.  Id. at ¶¶ 8-

15  9.  As a result, Plaintiff sought accommodations to her

16  working environment, schedule, duties, and leave under

17  the Fair Employment and Housing Act ("FEHA") and the

18  California Family Rights Act ("CFRA").  Id.  However,

19  Plaintiff did not receive such accommodations.  Id. at

20  ¶ 10.  Although Defendant Alta-Dena's managers knew of

21  Plaintiff's disabilities, they did not respond

22  favorably to her continued complaints and requests.

23  Id. at ¶¶ 10-12.  Plaintiff was terminated on October

24  31, 2013.  Id.

25      Plaintiff asserts claims against Defendant Alta-

26  Dena for: (1) disability discrimination in violation of

27  FEHA [Cal. Gov't Code § 12940(a)], (2) failure to

28  provide reasonable accommodation in violation of FEHA

2

1  [Cal. Gov't Code § 12940(m)], (3) failure to engage in

2  the interactive process of assessing disabilities in

3  violation of FEHA [Cal. Gov't Code § 12940(n)], (4)

4  violation of the CFRA [Cal. Gov't Code § 12945.2], (5)

5  retaliation in violation of FEHA [Cal. Gov't Code §§

6  12940(h) and 12940(i)], (6) wrongful termination in

7  violation of public policy, (7) disability harassment

8  in violation of FEHA [Cal. Gov't Code § 12940(j)], and

9  (8) failure to prevent harassment discrimination and

10  retaliation in violation of FEHA [Cal. Gov't Code §

11  12940(k)].  Plaintiff also asserts a claim against

12  Defendant Flores for disability harassment in violation

13  of FEHA [Cal. Gov't Code § 12940(j)].

14      Plaintiff filed her Complaint against Defendants in

15  Los Angeles Superior Court on March 17, 2014 and seeks

16  nominal damages, compensatory damages, punitive

17  damages, interest, costs of suit, attorney's fees,

18  applicable statutory penalties, and further relief as

19  deemed proper by the court.

20  **B.**   **Procedural Background**

21      On April 16, 2014, Defendant Alta-Dena filed a

22  Notice of Removal, stating that this Court has federal

23  diversity jurisdiction over the case because Defendant

24  Flores was fraudulently joined.  Notice of Removal

25  4:20-27.  Defendant Alta-Dena asserts that in order to

26  assert a claim for harassment against an employee such

27  as Defendant Flores, California law requires that the

28  harassment occur outside the scope of necessary job

1 performance.  Id.  Defendant Alta-Dena argues that

2 Defendant Flores's actions–unwarranted criticism,

3 scrutiny, reprimands, failure to engage in the

4 interactive process, failure to provide reasonable

5 accommodations, suspending Plaintiff from work, and

6 terminating her employment–all took place within her

7 role as a personnel manager.  Id.  As such, Defendant

8 Alta-Dena avers that Defendant Flores's conduct cannot

9 possibly give rise to a harassment claim.  Id.

10 Defendant Alta-Dena asserts that because Plaintiff

11 cannot establish a cause of action for disability

12 harassment against Defendant Flores, the joinder is a

13 "sham" and Defendant Flores's California citizenship

14 should be disregarded for removal purposes.  Id.

15 Because Plaintiff is a citizen of California and

16 Defendant Alta-Dena is a citizen of Delaware,

17 Wisconsin, and Texas, Defendant Alta-Dena asserts that

18 the Court has diversity jurisdiction over this Action.

19 Id.

20      The Action was removed to this Court on April 17,

21 2014.  On May 16, 2014, Plaintiff filed the present

22 Motion to Remand [8].  Defendant Alta-Dena filed an

23 Opposition on May 27, 2014 [9], and Plaintiff filed her

24 Reply on June 4, 2014 [10].

25                    **II.  LEGAL STANDARD**

26      Removal to federal court is governed by 28 U.S.C. §

27 1441, which states that "any civil action brought in a

28 State court of which the district courts of the United

4

1  States have original jurisdiction, may be removed by

2  the defendant or defendants."   Subject matter

3  jurisdiction may be based on diversity or the existence

4  of a federal question, as set forth in 28 U.S.C. §§

5  1331 and 1332.   District courts have diversity

6  jurisdiction over all civil actions between citizens of

7  different states in which the amount in controversy

8  exceeds $75,000, exclusive of interest and costs.   28

9  U.S.C. § 1332.

10        Section 1446(b) governs the timing of removal.   If

11  the case stated by the initial pleading is "removable

12  on its face," then a defendant has thirty days from

13  receipt of the pleading to remove the case.   <u>Carvalho</u>

14  <u>v. Equifax Info. Servs., LLC</u>, 629 F.3d 876, 885 (9th

15  Cir. 2010) (quoting <u>Harris v. Bankers Life & Cas. Co.</u>,

16  425 F.3d 689, 694 (9th Cir. 2005)).   However, if no

17  basis for removal is apparent in that pleading, the

18  thirty-day removal period does not begin until the

19  defendant receives "a copy of an amended pleading,

20  motion, order or other paper" from which removability

21  may first be ascertained.   28 U.S.C. § 1446(b).

22        The Court may remand a case to state court for lack

23  of subject matter jurisdiction or defects in removal

24  procedure.   28 U.S.C. § 1447(c).   The party seeking

25  removal bears the burden of establishing federal

26  jurisdiction.   <u>Ethridge v. Harbor House Rest.</u>, 861 F.2d

27  1389, 1393 (9th Cir. 1988).   If at any time before

28  final judgment it appears that the district court lacks

1 subject matter jurisdiction over a case that has been

2 removed to federal court, the case must be remanded.

3 28 U.S.C. § 1447(c).  The removal statute is construed

4 against removal jurisdiction, and federal jurisdiction

5 must be rejected if there is any doubt as to the right

6 of removal in the first instance.  See Shamrock Oil &

7 Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)

8 (stating that removal statutes should be construed

9 narrowly in favor of remand to protect jurisdiction of

10 state courts).

**III. ANALYSIS**

12   Here, Plaintiff asserts a claim against Defendant

13 Flores for disability harassment in violation of FEHA

14 (Cal. Gov't Code § 12940(j)).  Defendant Alta-Dena

15 removed this Action to this Court, alleging that

16 Defendant Flores was fraudulently joined to an

17 otherwise diverse action.  Thus, Defendant Alta-Dena

18 asserts that Defendant Flores is a "sham" defendant and

19 that her citizenship can be ignored in this Action,

20 which is properly before the Court on diversity

21 grounds.  Opp'n 2:6-7.

22   Fraudulent joinder is a "term of art" and "does not

23 require an ill motive."  Amarant v. Home Depot U.S.A.,

24 Inc., No. 1:13-CV-00245-LJO (SKO), 2013 WL 3146809, at

25 *4 (E.D. Cal. June 18, 2013).  Courts have determined

26 that "joinder will be deemed fraudulent where the

27 plaintiff fails to state a cause of action against the

28 resident defendant."  Id.  A defendant bears a "heavy

1  burden" of showing, by clear and convincing evidence,

2  that the plaintiff cannot possibly assert a cause of

3  action against the non-diverse party in state court.

4  Hale v. Bank of Am., No. CV 12-10064 MMM (PJWx), 2013

5  WL 989968, at *3 (C.D. Cal. Mar. 13, 2013); See also

6  Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp.

7  2d 1116, 1117 (N.D. Cal. 2002).  The standard is

8  strictly construed in favor of remand; thus, any

9  material ambiguities must be examined in the light most

10  favorable to the plaintiff.  Id.  If a court finds that

11  a defendant has been fraudulently joined, the court can

12  ignore the defendant's citizenship for the purposes of

13  assessing diversity jurisdiction.  Amarant, 2013 WL

14  3146809, at *3.

15  **A.   Defendant Alta-Dena Fails to Meet Its Burden of**

16  **Establishing that Plaintiff Cannot Possibly**

17  **Establish a FEHA Harassment Claim Against Defendant**

18  **Flores**

19       To state a FEHA harassment claim, an employee must

20  allege facts showing that workplace harassment was

21  "severe enough or sufficiently pervasive to alter the

22  conditions of employment and create a work environment

23  that qualifies as hostile or abusive to employees."

24  Hale v. Bank of Am., 2013 WL 989968, at *4 (citing

25  Hughes v. Pair, 46 Cal. 4th 1035, 1043 (2009)).

26  Conduct is harassment when it takes place "outside the

27  scope of necessary job performance . . . presumably

28  engaged for personal gratification, because of

1  meanness, bigotry, or for other personal motives."
2  Reno v. Baird, 18 Cal. 4th 640, 646 (1998).  However,
3  "employment-related decisions" or "personnel decisions
4  of a plainly delegable character" cannot constitute a
5  harassment claim.  Id.

6      A plaintiff is barred from asserting a FEHA
7  harassment claim only if the allegations obviously and
8  undisputably cannot lead to such a claim.  Hale, 2013
9  WL 989968, at *5-6.  In Hale, allegations that a
10 defendant "publicly ostracized plaintiff, withheld
11 items he gave to other employees, and harshly
12 reprimanded her for absences" did not preclude a viable
13 harassment claim because the allegations did not
14 eliminate the possibility of harassing conduct outside
15 the scope of employment.  Id.; See also Roby, 47 Cal.
16 4th at 709.  In Hale, the court recognized that
17 "depending on context, many of [the plaintiff's]
18 alleged actions [reached] far beyond typical personnel
19 management decisions" and can support an inference that
20 the defendant's actions were motivated by a
21 discriminatory animus that created a hostile work
22 environment.  Id.  Because the court in Hale could not
23 conclude with certainty that all of the plaintiff's
24 allegations fell within the scope of employment,
25 joinder was proper and remand was appropriate.  Id.
26     Similarly here, Plaintiff advances allegations that
27 cannot with certainty preclude a FEHA harassment claim
28 against Defendant Flores.  Here, while Defendant Alta-

1  Dena argues that remand is inappropriate because

2  Defendant Flores's actions cannot constitute a cause of

3  action for harassment, the Court finds this argument

4  unpersuasive.  Although personnel actions, by

5  themselves, cannot constitute a cause of action for

6  harassment, allegations of conduct that might extend

7  beyond the scope of employment can give rise to a

8  viable harassment claim.  Id.  Examined in the light

9  most favorable to Plaintiff, Defendant Flores's alleged

10  conduct, including "unwarranted criticism, scrutiny,

11  [and] reprimands," have the potential to form the basis

12  of a FEHA harassment claim.  Compl. ¶ 61.  Like the

13  plaintiff in Hale whose allegations of reprimands and

14  public ostracism did not clearly fall within the scope

15  of employment, here, Plaintiff does not allege that

16  Defendant Flores's actions took place only within the

17  context of her job.  In other words, Plaintiff's

18  allegations against Defendant Flores could constitute

19  conduct occurring "outside the scope of necessary job

20  performance."  See Reno, 18 Cal. 4th at 646.

21      Moreover, Defendant Alta-Dena fails to consider the

22  possibility that Defendant Flores's conduct is

23  sufficiently "severe" or "pervasive" to alter the

24  conditions of Plaintiff's employment and constitute a

25  harassment claim.  Lyle, 38 Cal. 4th at 277-79.

26  Defendant Alta-Dena omits discussion of the "severe"

27  and "pervasive" standard altogether, concluding that

28  the issue is "of no moment here."  Opp'n 8:1-2.  In

1  doing so, Defendant Alta-Dena fails to show by clear

2  and convincing evidence that Plaintiff cannot possibly

3  assert a cause of action for disability harassment

4  under state law.

5      Further, the Court is not persuaded by Defendant

6  Alta-Dena's contention that Defendant Flores cannot be

7  held individually liable for her conduct as an employee

8  of Alta-Dena.  Although individuals are not liable for

9  discriminatory or retaliatory acts done within the

10  scope of employment, Cal. Gov't Code § 12940(j)(3)

11  states that "an employee . . . is personally liable for

12  any harassment . . . that is perpetrated by the

13  employee, regardless of whether the employer or covered

14  entity knows or should have known of the conduct and

15  fails to take immediate and appropriate corrective

16  action."  See McClung v. Emp't Develop. Dep't, 34 Cal.

17  4th 467, 470 (2004) (holding that the FEHA imposes

18  personal liability for harassment on both supervisory

19  and non-supervisory employees).  Contrary to the

20  assertions of Defendant Alta-Dena, Defendant Flores can

21  in fact be held individually liable for a FEHA

22  harassment claim, even as an Alta-Dena employee.  Thus,

23  the Court finds that Defendant Alta-Dena fails to meet

24  its heavy burden of showing, by clear and convincing

25  evidence, that Plaintiff cannot possibly assert a cause

26  of action against Defendant Flores.

27  **B.   Deficiencies in Plaintiff's Complaint Can Be Cured**

28       **by Amendment**

10

1    Furthermore, remand is appropriate where, as here,

2 a plaintiff can amend her complaint to include

3 allegations sufficient for a viable state-law

4 harassment claim.  Ontiveros v. Michaels Stores, Inc.,

5 No. CV 12-09437-MMM (FMOx), 2013 WL 815975, at *4-5

6 (C.D. Cal. Mar. 5, 2013).  Even if Plaintiff's

7 Complaint contains pleading defects, the Court allows

8 Plaintiff to cure the defects and raise her state-law

9 claims in state court.  Id. at *9.

10    In Ontiveros, removal was inappropriate because a

11 defendant failed to establish that a plaintiff could

12 not possibly assert a successful cause of action for

13 harassment against a manager by providing additional

14 facts.  Id. at *5-6; See also Burris v. AT&T Wireless,

15 Inc., No. C 06-02904-JSW, 2006 WL 2038040, at *2 (N.D.

16 Cal. July 19, 2006) (citing Nickelberry v.

17 DaimlerChrysler Corp., No. C-06-1002-MMC, 2006 WL

18 997391, at *1-2 (N.D. Cal. Apr. 17, 2006) (remanding

19 action where defendant failed to demonstrate that the

20 plaintiff could not amend to cure a pleading deficiency

21 regarding an alleged sham defendant)).  In Ontiveros,

22 the plaintiff's examples of harassment consisted solely

23 of actions within the scope of the defendant's

24 employment; however, the court recognized that

25 "purported deficiencies in the pleading [did] not

26 demonstrate that [the defendant] [was] a sham

27 defendant."  2013 WL 815975, at *5-6.  The court noted

28 that because the pleadings-though deficient-did not

11

1 contain facts that would bar the plaintiff from

2 providing additional factual allegations that could

3 give rise to a viable harassment claim, remand was

4 appropriate.  Id.

5     Similarly here, Plaintiff alleges that Defendant

6 Flores was aware of Plaintiff's disabilities and

7 harassed Plaintiff by "unwarranted criticism, scrutiny,

8 reprimands of Plaintiff, by failing to engage in the

9 interactive process, by failing to provide reasonable

10 accommodations, suspending her from work, refusing to

11 allow her to work and earn compensation, and ultimately

12 terminating her employment."  Compl. ¶ 61.  Although

13 Defendant Alta-Dena argues that Plaintiff's allegations

14 against Defendant Flores all fall within the scope of

15 her employment and thus, are insufficient to form the

16 basis of a FEHA harassment claim, Defendant Alta-Dena

17 fails to demonstrate that Plaintiff cannot cure the

18 deficiency through amending her Complaint.  See Gill v.

19 Hearst Pub. Co., 40 Cal. 2d 224, 228 (1953) (finding

20 that parties can amend their pleadings when their

21 allegations contain uncertainties or ambiguities).

22 Thus, Plaintiff correctly argues that Defendant Alta-

23 Dena did not meet its heavy burden of proving

24 fraudulent joinder by "clear and convincing" evidence.

25 See Ontiveros, 2013 WL 815975, at *5.  Because

26 Plaintiff's joinder of Defendant Flores is proper, the

27 Court lacks subject matter jurisdiction over this

28 Action and **GRANTS** Plaintiff's Motion to Remand.

1

**IV. CONCLUSION**

2      In sum, the Court finds that Plaintiff's joinder of

3  Defendant Flores is proper because Defendant Alta-Dena

4  does not demonstrate that there is no possibility of a

5  viable state-law claim against Defendant Flores.

6  Because Defendant Flores is not fraudulently joined,

7  and because Defendant Flores and Plaintiff are both

8  citizens of California, the Court lacks subject matter

9  jurisdiction over this Action.  Thus, the Court **GRANTS**

10  Plaintiff's Motion to Remand. **This action is hereby**

11  **remanded to the Superior Court of California, County of**

12  **Los Angeles, Case No. BC539703.**

13

14  **IT IS SO ORDERED.**

15  DATED: June 17, 2014

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**

16  Senior U.S. District Judge

17

18

19

20

21

22

23

24

25

26

27

28